Ronald J. Ellett for the appellant, and David Allen for the appellee. Want to reserve some time? Yes, seven minutes, Your Honor. Seven minutes, very good. Go ahead, please. Your Honor, I'm ready to take questions. I've assumed you've read the brief, if you want to fire away. I'll take you up on that offer. Thank you very much. I am having a little bit of trouble understanding the posture of the case. The motion below is a motion to sell. And what we have on appeal is an argument as to the substance of two non-debtor claimants. All right. How how do we get there? Let me let me back up. My understanding is that the motion that was presented was a motion to sell free and clear. And as it played out, it was primarily based on a bona fide dispute as the basis under 363 F4. First question, was it your argument that 363 F4 bona fide dispute applied not only to Ms. No. The decision by the court before had been to grant our request for declaratory relief that their interest was only in half of the property, their lien. There was no decision about how much was owed on the promissory. That's not the question. There's a deed. Oh, there is a deed of trust out there that had been affirmed on the prior appeal. That's there. Right. So you you move to sell the property. Yes. You can only sell the property. Under one or two theories, theory that I understood you, your client to move was under 363 F4. That that's not correct, because we moved under four or five theories, including the right under Arizona statute to have a partition. And we relied on a Ninth Circuit. Why would that be? Why would that rise in a motion to sell? You didn't bring an adversary to deny a claim. You did not bring a declaratory judgment. You didn't bring a state court action. How I mean, the only thing that was presented to the court was a motion to sell, which the court should have approved, which the court should have approved. And it it did not need to reach the issue of the size of the promissory note, except for our seven thousand. The size of the promissory note isn't that issue at all, depending upon the vehicle by which it is presented. Right. Because you argued very consistently, as I read it, 363 F. There's a bona fide dispute. One as to the issue involving Miss Grove's property. Right. And nobody disputed that. That's not on appeal. That worked fine. And then you said, well, we still need to be able to sell free and clear of Andy's lien. Correct. No, we weren't selling free and clear of their lien because we were willing to pay them. We were going to protect them and their lien was going to attach to the proceeds. Sell free and clear on a three sixty three. We would attach the proceeds and there would need to be a determination of how big is that lien. So the lien attaches to the proceeds. And now the question is, whose money is it? What's the legal theory in which you take the lien off the real property and put it on the proceeds? Well, there were a number in the in the in the motion. One is three sixty three F. But we also argued under other grounds of three. That's not on appeal. No, it's not. That's why I'm a little I'm a little surprised. In other words, we're wondering why you have standing is the bottom line. Why does they have standing? Andy participated in something that was a three sixty three H sale, which is one way to get this done. It wasn't necessarily the only way. But during the argument toward the end, the question came up. What do we how do we consummate this? And the answer that the bankruptcy court gave and that I think you reluctantly agree to, if I understood it, was we want to do the sale. And we don't have a means to affect the lien of the non-debtor entity. So the question is, if the bankruptcy court had absolutely no authority to do anything about that, why are we here? We're here because under in the adversary proceeding, all of their counterclaims were dismissed with prejudice. And then it's not answering the question. And then that's flat out not answering the sale. Those same claims were paid two hundred and thirty seven thousand dollars. And the bankruptcy court had no ability to do anything else, did it? That was a state court issue. You don't get there under three sixty three F. No, the bankruptcy court was the court that issued the order denying. You're you're not understanding the question. Well, the bankruptcy court was the court. OK, that I don't have a chance to answer here. The bankruptcy court was the court that entered the order denying the counterclaims with prejudice. That's a different question. It is a completely different question. The only thing that is for us today is an appeal from a sale motion. Not true. There was also a second order, which was the denial of our argument. Where was the documentary for that request? That came up at the end of the the argument for preservation of rights. I don't even understand what that order is. And I guess to put put the point on on Judge Lafferty's point, why is there jurisdiction for that? Why why are we considering that? So I think there's there's two questions on the on the jurisdiction. One, is there jurisdiction over the seven thousand thirteen arguments? And the bankruptcy court always has jurisdiction over its own order in a sale motion. You did not bring a declaratory. You did not bring a supplemental enforcement. You did not bring anything specifically addressing that. Your motion does not ask for that determination. You say sell it free and clear under three sixty three sixty three F4. Put it aside in escrow and let's let the court of appropriate jurisdiction, whatever that may be. That was not the relief you saw in your motion. That is exactly the relief we said in our in our motion. I thought you were reciting relief requested in the motion not to decide the claim. There is nothing in the motion that that originally said the compulsory argument comes up as the establishment of a bona fide dispute. No, no. You were asking you were asking them to decide. You're asking the bankruptcy court to decide that. No, no, no, no. There are other grounds upon which we are entitled to sell the property, including which you have not the right. But the order was approved selling in which we're not trying to undo the sales motion. We're trying to undo the court's refusal and the award of the two hundred and thirty seven thousand dollars to the other side. It's that portion that we're appealing, not the general sales. The sales closed that we're not trying to undo the sale. We're trying to undo the award of money. And I can I can look, we started from the premise either it's been waived or you need to put it aside and allow a court of competent jurisdiction. And both parties in their pleading said, we don't think you're the court of competent jurisdiction to determine whose money this is. But you still you still need a legal basis on which to take the lien off the real property. Right. But we had that on the we had that in the partition. We had that in the partition motion. We had it under numerous grounds. I want to make sure I understand what you're saying. You're saying that in under state partition law, there's a basis to sell free and clear of liens and have liens attached to the proceeds. Yes. And we cited the Ninth Circuit in the motion. We cited the Ninth Circuit case that allows that. So there there really is no dispute that the sale was to happen. The sale was in everybody's interest. Nobody. I think that's agreed. The problem is traditionally under the 363 free and clear. As you as your motion said, you saw a free and clear attached to the proceeds. But the court didn't do that. It didn't sell it free and clear as the A&E's lien. And the lien was there. It had been just affirmed by this panel. And I think what the other judges are aware is what else could the judge have done? You wanted you wanted a substantive decision that there was no debt. Correct. That's correct. But the alternative was you said to decide until a court of competent jurisdiction makes that determination, which could have been either going back into the adversary. Or is that what you wanted? That was part of that's what we asked for in the motion. All right. But you need to bring it forward as to the appeal because the appeal doesn't talk about any of that. But you're not asking on appeal, as I understand it, for the money to be clawed back and put into escrow pending a determination. Well, we're challenging the award of the 237. And I think the court's got one of two things they do. We'd prefer you give it to us. But the other alternative, which we think would be appropriate, is it goes into escrow and a court of competent jurisdiction determines who gets to 237. And that may be the bankruptcy court. Although there I think we're there. I think we're putting a little form over substance by going back into the bankruptcy court in the adversary to refile the arguments that have already been made. That's why that's why we're here on those arguments. But what we could you know, and I think technically that would be an appropriate ruling. The court had no jurisdiction to determine who's 237. That was two non debtor parties. That's exactly right. So if you have no jurisdiction, then you don't give it to either. You put it in and you say, look, this is the other jurisdiction. You don't make an order disposing of it. You follow state law. Period. End of story. That's where we're stuck. OK, but let's say the state law allows the partition and the sale. And and then it allows the court to do what's appropriate with the proceeds. And then and then a state court judge could have made this determination between these two non debtor parties. But still, at some point, the bankruptcy court needed to rule on our seven thousand thirteen arguments. And if the court hasn't ruled on that, we can go back and ask the two. She's going to deny it and we can come back and appeal it again. But the seven thousand thirteen, one way or another, has to be heard. What you're at four and a half minutes. When you talk to your reserve. Yeah. Thank you. All right. Mr. Allen. Good morning, honors. One. The problem that we have here is and we kind of see it loud and clear. Mr. Allen talks about the bankruptcy court awarding two hundred and thirty seven thousand dollars to to and to A.M.S. as if as if that's some sort of compensation or some sort of judgment that they won. That's not the case. As the court has pointed out in the prior appeal, this court affirmed, obviously, and this doesn't agree with that. But this court affirmed the prior bankruptcy court ruling, saying that this is what this is, the security that A.M.S. has in the what we call the investment or the ranch or property. And so that's that's not a there's no dispute about that. There's no basis for which the for A.M.D. who has this debt, that's a secure debt to then come in and say, hey, I want this property sold. And you can just ignore the debt and don't don't pay it. Just ignore it. Either either give it to me or put it somewhere else. But you don't get it. There's just no basis for that. You disagree that state partition law would allow a sale free of your client's lien of the whole property and reservation of the proceeds for subsequent termination. Are you disagreeing with this relative argument in that respect? I do disagree with that. But that wasn't before the court. And the only argument really that that I see that's being made by A.M.S. which is which to me in A.M.D., which is a totally specious argument, is that somehow that A.M.D. way, so it's A.M.D. and A.M.S. is messing me up. Sorry. Somehow that a problem. So we understand somehow A.M.D. A.M.S. waived its claim by not filing a compul what he calls a compulsory counterclaim in response to the debt relief action. But and I'm not I know the court has read the brief, so I'm not going to go through all that. But there's ample authority that that that just is not true. And if that was true, just how do we get there? Counselor, how do we get there? That's that's the problem. If you establish that in the sale motion. That it was appropriate to decide. That then we can get into the substance. And I understand that my problem is that the sale motion is I understood it referenced the bona fide dispute. And the only question before the court is whether there was a bona fide dispute. Correct. And, you know, charitably, the court said, no, there isn't, because there's no basis. That is what you understand is all absolutely correct. However, what he's as I see it, what he's now what the appellant is now arguing to this court is that the payment to A.N.S. was improper because A.N.S. had waived its debt by failing to bring a judicial foreclosure action or to sue on the debt as a counterclaim to the debt relief action. Now, if you just think about how what chaos that that kind of movement would create, because what you would have is any time you have a debtor who wants to avoid a nonjudicial the summary proceeding with nonjudicial foreclosure. All they would have to do is file a debt relief action challenging the challenging the debt. And if according to Mr. Ellett, the creditor would then be obligated to bring a compulsory counterclaim saying that not in the 7013. I mean, this is a slightly different situation. And that is a non debtor. It's pretty clear. It's pretty clear in the 7013 that that would be waived. Yeah. I mean, yeah, you're correct. It is a non debtor. So it is a different situation. But but there would be no waiver of the claim by being forced to by not following through with a judicial foreclosure. That's the point. And so here you have you have you have A.N.D. Yeah. Who owes money to A.N.S. that's been clearly established. Nobody's challenging it. It was never before the court as to whether that debt doesn't exist. That debt does exist. That debt's been affirmed. It's the it was the idea of the of of A.N.D. and Groves to sell the property. It wasn't A.N.S. wasn't forcing this sale. A.N.D. was. So A.N.D. says, hey, I want to sell the property. And A.N.S. doesn't oppose it. They say, fine, you want to sell the property, sell the property, just pay us our secure debt. And that's exactly what they did. And so I'm not sure what else really to say about it. I think it's pretty clear that there's no basis here to set that aside to the extent. What do you think? Let's go back to our first question. So what do you what do you understand that the court did in making its rulings on the two orders? Did it sell the property free and clear under 363 F3? I mean, F4, excuse me? No. What the court the court did is it said that the property is not sold free and clear. The property is sold subject to the payoff of the lien, which is different. So then if that's the case, then it was not sold under. The property was not sold with regard to A.N.S.'s interest under 363 F then, is that correct? Correct. All right. If it's not being sold under 363 F4, then why reach the counterclaim issue at all? You have a pending deed of trust. Isn't that the end of the end of the end of the story? It is the end of the story from the point of view of, hey, if you want to sell the property, you got to pay off the loan. Otherwise, you don't sell the property. The deed of trust remains in place. And the next step would have been, had this not happened, the next step would have been a nonjudicial foreclosure by A.N.S. in order to recover its debt. That's what would have that's what would have gone down. But like I said before, it was the idea of A.N.D. and Rose. They said, hey, we want to sell this property. So we said, fine, you know, sell the property, but pay off our debt. And that's exactly what the court ordered. And that was the proper order. This is A.N.D. doesn't even have standing really here to bring this appeal because they're not a person aggrieved under Article 3 because they weren't directly and adversely affected. They were not they were not adversely affected by this order. They had they went before the order was made. They paid a debt which they think they don't owe. Right. Isn't that aggrievement? I would not call. I would say if they had anything, I think they're wrong about that. You think they do owe the debt, but they think they don't or shouldn't. Isn't having something you don't think you have to pay being aggrieved? Well, because if they would, if they can, if that's their position, then they needed to because that's a position that existed at the time that this action was filed. So if that's their position, then they should have asserted that position before they brought their own motion to sell the property. They can't have it. That's where I'm I'm I think trying to get your sense of this, as I think Judge Spraker is that I mean, I understand they think they had theories whereby they didn't know you the money. Those are not theories that I that I would have expected the bankruptcy court to be competent to decide. And I think the parties have agreed on some level. That's true. So this is a funny situation where you use 363 in a situation that is not the slightest bit hostile. OK, nobody's being forced to do anything here. A and D and the debtor want the same thing. And S ends up wanting the same thing as they get to get some some money. So they use 363 H as the way to get there, which is perfectly fine. But the question is, does that turn? Does that enable the bankruptcy court to do anything adjudicative with respect to the non-debtor interest? And my my concern is I don't see how under that theory the court could have done anything adjudicative, which is what gets me to agreeing in sort of a rimshot way with you. I think that at the end of the day, if the court had no ability to do anything with respect to adjudicating claims with respect to the non-debtor interest, who can be aggrieved? I mean, had you I mean, for example, had you gone ahead with a nonjudicial foreclosure and you would have had every right to go to the appropriate state court and say, stop this. We've got all kinds of claims. They really don't have any debt. And let's have a hearing about it. That would have been fine. I don't know how the bankruptcy court had the power to do any of that, which leaves me in a situation where I just I mean, it's this weird chicken and egg, which isn't satisfying for me either. But it strikes me that, you know, I just don't know how the bankruptcy court could have done anything other than what they did. So how can anyone be aggrieved when there really was no choice at the bankruptcy court level? But look, you're hearing your learned counsel say, no, there was there was another theory here. There was this partition theory. So can you react more directly to that? If he's right, there was another way for the bankruptcy court to get there. I'm not sure that came up. I mean, I read the transcripts fairly carefully from the ceiling. I didn't hear a word of that. But I don't know. You tell me what you think about the partition theory. Yes, your honor. That's that's my recollection also, is that there was no argument that was made along those lines. And I don't know. I mean, again, if this was a theory that counsel wanted to pursue, he could have he could have and should have pursued it in state court and not move for the bankruptcy court to issue an order for the sale of the property. We made our position always very clear. We said we have no objection whatsoever. I mean, he first he brought a motion without any evidence regarding the value. So that one we did oppose. But then he put evidence of value. He brought a second motion saying we want to sell it. This is being sold for a proper value. We came in and we said, fine, we have no objection. Just we need to get paid. And he understood that was the position he could have stopped right then and there. That's what if he wanted to go argue partition in the state court, he could have stopped right then and there and done that. He didn't do it. The whole question, the whole point before this panel is did the bankruptcy court judge do something wrong? And I don't see it. I don't see what it is that this panel would say, hey, judge, you know, you should you should have done this. I think the order was absolutely. Proper under these somewhat unusual circumstances. For the question. OK, thank you very much, Mr. Allen. Thank you. Thank you, Mr. Allen. It is true that I spent quite a bit of time on my motion to sell, arguing with the court's incorrect conception originally that there was not a bonafide dispute with regard to Mrs. I cite the court to the E.R. record at one eight two four. And we say this is our motion to sell 11 U.S.C. three sixty three at one is satisfied because in Arizona, a co-owner of real property has the right to compel partition without regard to the preferences of other owners or claimants. And then we cited to the court in the next sentence in corporate mine partners LLC Anderson, which is a Ninth Circuit case from 2015, where a unanimous panel upheld the right in a district court to apply the Arizona statute over the objections of a of a colon. Well, but that that gets you to the sale. I understand that that gets you the authority to approve the sale. But what I'm concerned about, where's the authority to not pay the lien holder and instead escrow the proceeds? Well, I think that's in the court has the inherent ability to determine where the money's going. The court, the court has to make a decision about who gets how much money. And here the decision was made based on Mr. Allen's unsupported assertion that his client was entitled to all of it. Certainly that can't be the way we decide who gets the money. Somebody raises their hand and says, give it all to my client. I think I think my point is that they had a and the lender had a property interest. They had a lien on this property. What's the legal basis on which you take that property interest away and substitute with something else? No, no, no. Well, you have the right to sell free and clear of interest and you have the lien attached to the proceeds. So they still have the equivalent. What's that? You have that right under the state partition law. Yes. OK, well, what you read didn't didn't say that. I'm going to go back and go back and study your brief. I didn't see any anything saying that. Second, the other thing is, is the court has the inherent inherent power when the sale order happens to determine where the money goes. The court did make a determination, gave it all to A&S lending based on their unsupported avowal that it was there. Aside from your argument about partition, which I will read as well as it doesn't make any sense to me, what is the bankruptcy court authority for disposing of property outside of recognizing there's a state law issue? How can the bankruptcy court dispose of the proceeds? I mean, what you wanted was to have it help. Right. So you could argue with with A&S about something that they think is unquestionably theirs. That was the point, wasn't it? I didn't understand all of it yesterday. Having it held tab, we wanted a court determination of whose money it was and how much. Right. And somehow in that process, because they didn't bring their claims as required by rule seven thousand thirteen, they won. That can't be the right result. No, no, no. Well, they got all the money. I think that's winning. No, no, no, no, no, no. Sorry. I don't want to. You keep saying that they just gave it to him. No, there was a deed of trust. And there was nothing that stripped that deed of trust. There was no adjudication of a lack of claim. And my problem I keep coming back to is that you moved under three sixty three F. It proceeded under F for the court found that there was a bona fide dispute as to Miss Grove, but clearly held that there was nothing as to A&S. So it wasn't sold free and clear under three sixty three F for as to A&S is deed of trust. And as Judge Lafferty keeps saying, the deed of trust tells you where to go. No, it doesn't. It doesn't tell you how much it doesn't tell you how much the deed of trust doesn't say that the lender gets all the money. That's the problem. It's not that they have some claim. We're not trying to say you don't have your day to prove up your claim, but you have to present some evidence of your claim. The problem is not that we're not disputing they have a lien. We're disputing that they have a lien to all of the proceeds. That's our dispute. But your dispute is that they don't get any of it because they don't have a claim. No, you could. You could. You could. No, they could. They might have if you don't accept our nine thousand thirteen arguments. They might have some right when we go to court to determine how much it was. We paid on the other side. And this is gross half sixty nine thousand dollars. We didn't pay the whole claim. We're not saying they don't have a lien that may be supported by some amount. And we're not saying it has to be zero. I think it's zero if you apply rule nine thousand thirteen. But there still has to be a determination. It can't be just you get all of it. The lien doesn't say that they're entitled to all the sales proceeds. There is no lien that says that. OK, thank you. You've you've gone over time. I'm going to ask that you stay on the point for just a moment to address one matter. And I find no joy in this. But I want to ask my understanding is that you represented Miss Groves in the bankruptcy. Correct. Yes. And now you've actually represented A&D as well. And you're here now as counsel for A&D. Correct. I assume that's by consent of Miss Groves. Yes. Why isn't there a conflict in that you are arguing on behalf of A&D that its interest shouldn't be charged for the note, which I understand both parties are liable for? Well, because the note from Miss Groves has been discharged because they didn't file a proof of claim on their lien. We've paid everybody in full in that case. They did not. A&S Lending did not file their proof of claim to establish that they had any amount owing of the promissory note. So that at the beginning, every time when they should have come forward with the evidence to say we're owed this money. No, they're not coming forward. They didn't with proof of claim. And their claim has been adjudicated. And I am sitting and I've been waiting for them. And unfortunately, this is more of the gamesmanship for two months now for them to give me a release so I can give them the full amount that the bankruptcy court ordered. And they consented to sixty nine thousand eight hundred and thirty seven dollars. All right. So your your your position is that personal debt is done and gone. This is not my position. It's a it's a fact based on the case. That case, the chapter 13 is closing. All right. And everybody's been paid in full. Well, thank you for the explanation. Thank you. Matters submitted. Thank you for the interesting case.
judges: Faris, Lafferty, and Spraker